Mathew K. Higbee, Esq.,
California Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8373
(714) 597-6559 facsimile
mhigbee@higbee.law

*Attorneys for Plaintiff,*
TAMARA WILLIAMS

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA a/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>RADIANCE WELLNESS AND BEAUTY; KIM KNOX, individually; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. **'24CV0640 AGS BLM**<br><br>**COMPLAINT FOR**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TAMARA WAREKA a/k/a TAMARA WILLIAMS, by and through her undersigned counsel, brings this Complaint against Defendants, RADIANCE WELLNESS AND BEAUTY; KIM KNOX, individually; and DOES 1 through 10 inclusive and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement and alteration of copyright management information under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*. and 17 U.S.C. § 1202.

## PARTIES

2. Plaintiff Tamara Williams ("Williams") is an individual and professional photographer.

3. Upon information and belief, Defendant Radiance Wellness and Beauty ("Radiance") is a professional corporation duly organized and existing under the laws of the State of California with a place of business at 2840 5th Avenue, San Diego, CA 92103.

4. Upon information and belief, Defendant Kim Knox ("Knox") is an individual residing and/or transacting business in the State of California.

5. The true names and capacities of Defendants Does 1 through 10, inclusive are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in a material capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this Complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

6. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and removal of copyright management information pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyrights).

8. This court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of California, and/or Defendants transact business in the State of California.

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States and Defendants or their agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Tamara Williams*

10. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed over 500,000 followers.

11. Williams licenses her work for a fee.

12. Williams' portfolio includes international clients, and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit.*

13. Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Williams's work is intended to deter would-be infringers from copying and profiting from her work without permission.

14. Williams is the sole author and exclusive rights holder to a photograph of female model Nisrina Sbia ("Sbia Photograph").

15. Attached hereto as Exhibit A is a true and correct copy of the Sbia Photograph.

16. Williams registered the Sbia Photograph with the United States Copyright Office under Registration Number VA-2-116-920 with an Effective Date of Registration of August 23, 2018.

17. Attached as Exhibit B is a true and correct copy of Registration Number VA-2-116-920.

18. The Sbia Photograph appears on Williams' Instagram Page, @tamarawilliams, ("Williams Instagram Page") and contains a unique watermark under the model's chin bearing the name of Williams' second Instagram account, "@tamarawilliams1" ("Williams Watermark").

19. Attached hereto as Exhibit C is a true and correct copy of the Sbia Photograph with the Williams Watermark.

### *Defendants Radiance Wellness and Beauty and Kim Knox*

20. Defendant Radiance is a beauty and aesthetics salon offering customized facials, injectables, and laser hair removal services.

21. At all relevant times, Defendant Knox is, or was, the principal officer, owner, or member of Defendant Radiance.

22. Upon information and belief, Defendant Radiance and/or Defendant Knox control and manage the website https://www.revealyourradiance.com/ ("Radiance Website")

23. Defendant Radiance maintains an Instagram page under the handle @radiance_wb at https://www.instagram.com/radiance_wb/ ("Radiance Instagram Page").

24. The Radiance Instagram Page contains an active hyperlink ("Instagram Hyperlink") which will take the user to a page on the Radiance Website which provides information about Radiance's services and medical treatments and where users can book an appointment for those services or treatments at.

25. Attached hereto as Exhibit D is a true and correct copy of the Radiance Instagram Page including the access location of the Instagram Hyperlink.

26. Defendant Radiance and Defendant Knox generate content on the Radiance Instagram Page for commercial purposes to attract user traffic to Radiance, to

market and promote Radiance's beauty services and treatments, and to increase the customer base and revenue for Radiance.

27. At all relevant times, the Radiance Website and the Radiance Instagram Page were readily accessible to the general public throughout California, the United States, and the world.

28. At all relevant times, Defendant Radiance and Defendant Knox had the ability to supervise and control all content on the Radiance Instagram Page.

29. Upon information and belief, Defendant Radiance and Defendant Knox had a direct financial interest in the content and activities of the Radiance Website and the Radiance Instagram Page (including the activities alleged in this Complaint).

30. At all relevant times, the Defendants named in this Complaint (including Radiance and Knox) were at all relevant times acting as agents and alter egos for each other, with respect to the activities alleged in this Complaint, and are thus each jointly, severally, and personally liable for the debts and liabilities of each other, with respect to the allegations alleged in this Complaint.

***Defendants Willful, Unauthorized Use of the Sbia Photograph and Alteration of the Willliams Watermark***

31. On or about November 5, 2022, Williams discovered her Sbia Photograph being used in a post on the Radiance Instagram Page to promote a free syringe of Juvederm derma filler ("Instagram Post").

32. Attached hereto as Exhibit E is a true and correct copy of the Sbia Photograph as it was used on the Radiance Instagram Page in the Instagram Post.

33. The purpose of the use of the Sbia Photograph on the Radiance Instagram Page was to use a professionally produced beauty photograph of a model to provide high-quality and aesthetically pleasing content on the Radiance Instagram Page congruent with Defendant Radiance's marketing goals to entice users to book an appointment for beauty services and treatments with Defendant Radiance.

34. The purpose of the use of the Sbia Photograph in the Instagram Post was to promote Radiance's filler services by providing a high-quality, professionally-produced beauty photograph of a model and direct the user to look at the lips on the model in the beauty photograph in order to visualize the potential results of what can be achieved through filler treatment services.

35. Williams also noticed that Defendants, without her authorization, had cropped a portion of the Williams Watermark on the Sbia Photograph as used in the Instagram Post on the Radiance Instagram Page. *See* Exhibit E.

36. Williams does not have a record of the Sbia Photograph being licensed to Defendants nor did Williams grant Defendants permission or authorization to use, make a copy of, or publicly display the Sbia Photograph on the Radiance Instagram Page with or without the cropped Williams Watermark.

37. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Sbia Photograph and caused it to be uploaded to and displayed on the Radiance Instagram Page.

38. Defendants (including their agents, contractors or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Williams' original and unique Sbia Photograph in order to acquire a direct financial benefit, through revenue from the sales of Defendant Radiance's services and treatment, from the use of the Sbia Photograph.

39. Defendants knew Williams was the copyright owner of the Sbia Photograph because the Sbia Photograph contained the Williams Watermark.

40. Williams is informed and believes Defendants willfully infringed her rights in the Sbia Photograph because, *inter alia,* Defendants created an unauthorized copy of the Sbia Photograph and displayed, published, and otherwise held out to the public the Sbia Photograph on the Radiance Instagram Page and knew Williams was the copyright owner of the Sbia photograph; knew they were not

the copyright owner of the Sbia Photograph; and knew, or should have known, they did not have a legitimate license or permission to use or to display the Sbia Photograph on the Radiance Instagram Page.

41. Additionally, Defendants' conduct was intentional because they purposefully cropped the Williams Watermark identifying Williams as the author of the Sbia Photograph, before incorporating the image in the Instagram Post, knowing Williams was the copyright owner of the Sbia photograph and knowing they did not have Williams' authorization to crop the Williams Watermark or to use the Sbia Photograph on the Radiance Instagram Page or to distribute copies of the Sbia Photograph with the cropped Williams Watermark

42. After discovering the infringement, Williams, through counsel, sent cease and desist correspondence to Defendants and communicated with Defendants and their counsel, between December 2022 and March 2023, in an attempt to resolve this matter, but the parties were unable to resolve the matter.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq.*

43. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Williams owns a valid copyright in the Sbia Photograph.

45. Williams registered the Sbia Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

46. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) copied and displayed Williams's unique and original Sbia Photograph without her consent or authorization in violation of 17 U.S.C. § 501.

47. Defendants willfully infringed upon Williams' rights in her copyrighted Sbia Photograph, in violation of Title 17 of the U.S. Code.

48. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.
49. As a result of Defendants' violation of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), or at Williams' election, statutory damages in an amount up to $150,000.00 for each infringement, pursuant to 17 U.S.C. § 504(c).
50. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion, may allow the recovery of full costs as well as reasonable attorney's fees from Defendants, pursuant to 17 U.S.C § 505.
51. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyrights pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
**ALTERATION OF COPYRIGHT MANGEMENT INFORMATION**
**17 U.S.C. § 1202**

52. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
53. Williams's Sbia Photograph, as it appeared in on Williams Instagram Page, contained copyright management information. Specifically, the Sbia Photograph included the Williams Watermark under the model's chin identifying Tamara Williams as the copyright owner of the Sbia Photograph.
54. Defendants (including the employees, agents, contractors or others over whom they have responsibility and control) made an unauthorized the Sbia Photograph that contained the Williams Watermark identifying Williams as the author of the Sbia Photograph, and without Williams's consent or authorization, purposefully cropped the Williams Watermark from the Sbia Photograph before incorporating and displaying the Sbia Photograph on the Radiance Instagram Page and distributed copies of the Sbia Photograph with the cropped Williams Watermark knowing, or having reasonable grounds to know, that cropping the Williams Watermark and distributing the Sbia Photograph with the cropped

Williams Watermark would enable, facilitate, or conceal the unauthorized copying and display of the Sbia Photograph, in violation of 17 U.S.C § 1202(b), by misleading the public into believing that Defendants either owned the Sbia Photograph or had legitimately licensed it for use.

55. Defendants' conduct constitutes violations of 17 U.S.C. § 1202(b).

56. Williams has sustained significant injury and monetary damages, in an amount to be proven, as a result of Defendants' wrongful acts as hereinabove alleged.

57. In the alternative, Williams may elect to recover statutory damages pursuant to 17 U.S.C § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202.

## DEMAND FOR JURY TRIAL

58. Plaintiff, Tamara Williams, hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Plaintiff's copyright interest in the Sbia Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For a finding that Defendants intentionally altered copyright management information on the Sbia Photograph with the intent to enable, facilitate, or conceal infringement of the Sbia Photograph, pursuant to 17 U.S.C. § 1202(b);

- For an award of statutory damages for violation of § 1202(b), in a sum of not less than $2,500 or more than $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B);

- For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505 and § 1203(b);
- For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For pre judgment and post judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: April 4, 2024

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Attorney for Plaintiff*